Commonwealth *v.* Daverse, Appellant.

Argued April 10, 1950. Before DREW, C. J., STERN, STEARNE, JONES and BELL, JJ.

*Paul K. McCormick,* with him *H. Reginald Belden,* for appellant.

*C. Ward Eicher,* with him *John K. Best,* Assistant District Attorneys and *L. Alex Sculco,* District Attorney, for appellee.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, May 22, 1950:

Dominick Daverse, the appellant, was convicted of the murder of Theresa Daverse, his divorced wife. The

verdict was guilty of murder in the first degree with penalty of death. The killing was deliberate and intentional. Appellant's defense is that the crime was one of impulse and did not arise out of premeditation and malice. Appellant also specifies trial errors.

Appellant and his wife were married in 1934. They had four children. The marriage proved unhappy and was terminated by divorce in 1946. On April 11, 1947, appellant procured a loaded revolver. He followed his former wife in two different buses, from her place of employment. After disembarking from the last bus she attempted to elude appellant. As she fled appellant shot her. While lying in the street appellant again shot the victim several times exclaiming: "I told you I'd get you, you son of a bitch, you." After the shooting appellant walked away, and was seen to place the then empty revolver to his head and pulled the trigger, but being empty the revolver was not discharged. Appellant then fled. In the adjoining city of Uniontown he shaved off his mustache. After traveling through several southern states, eighteen months later appellant was apprehended in Denver, Colorado, where he had been employed under an assumed name. Upon his arrest he gave and signed a statement wherein he confessed his crime, which he attempted to excuse in the following language: "The reason why I shot her was that she gave misstatements about me, to her brother about support and lied all the time and nights she wouldn't be home, and ruined me from right to left. There is a hundred things she did to me."

Appellant contends that the evidence discloses that ". . . this was a crime of impulse and not of premeditation and malice" and that he ". . . was not given the benefit of that fair and impartial [trial]". He bases such contention upon five points: (1) "irresistible impulse" (2) the trial judge unduly influenced the jury (3) failure of the trial judge more fully to review the

evidence (4) inadequate instructions to the jury and (5) expression by trial judge of his belief of degree of murder.

The learned trial judge properly excluded all evidence of "irresistible impulse". Such a defense on the trial of an indictment for murder is one which the law of Pennsylvania does not recognize: *Commonwealth v. Cavalier*, 284 Pa. 311, 320, 131 A. 229; *Commonwealth v. Schroeder*, 302 Pa. 1, 9, 152 A. 835, and the cases therein cited.

There was no proof of the contemporaneous existence of homicidal insanity or of a pre-existing habitual tendency toward the same. Under such circumstances the test of appellant's responsibility is his ability to distinguish between right and wrong. Indeed, it was neither alleged nor proved that appellant was insane. The testimony of his own medical witnesses established appellant's sanity: *Commonwealth v .Cressinger*, 193 Pa. 326, 44 A. 433; *Commonwealth v. Stabinsky*, 313 Pa. 231, 169 A. 439.

Evidence of specific instances of infidelity by the victim prior to the divorce was properly excluded by the trial judge as affording no defense or justification for the crime: *Commonwealth v. Prophet*, 307 Pa. 122, 160 A. 597, and cases therein cited.

In an accurate, comprehensive, fair and impartial charge, President Judge Laird, the trial judge, defined degrees of murder. He fully instructed the jury concerning felonious homicide. He reviewed and adequately discussed the pertinent evidence. The jury was directed, that if they found the crime to be murder, to determine the degree and fix the punishment or penalty. We have read the entire record, in compliance with the mandate of the Act of February 15, 1870, P. L. 15, sec. 2, and have found to be present all the ingredients necessary to sustain the jury's verdict.

The judgment and sentence are affirmed.